Dear Senator Merrell:
This opinion letter is in response to your question asking:
 Is it permissible for the Clark County Nursing Home District to impose a property tax without voter approval under circumstances in which the district was created and authorized to impose property taxes in 1967, and the district's board of directors voluntarily discontinued the tax levy in 1977, and it remained discontinued on the effective date of Article X, Section 22 of the Missouri Constitution?
You have informed us that on May 29, 1967, the voters in Clark County established the Clark County Nursing Home District and authorized the district to impose a property tax not to exceed $0.15 per $100 assessed valuation. In 1977, the district's board of directors voluntarily discontinued the tax levy. The tax has not been imposed since.
On November 4, 1980, the voters in this state adopted what is commonly referred to as the Hancock Amendment. Article X, Section 22 of the Missouri Constitution, which was adopted as part of the Hancock Amendment, provides in part:
 Section 22. Political subdivisions to receive voter approval for increases in taxes and fees — rollbacks may be required — limitation not applicable to taxes for bonds. (a) Counties and other political subdivisions are hereby prohibited from levying any tax, license or fees, not authorized by law, charter or self-enforcing provisions of the constitution when this section is adopted or from increasing the current levy of an existing tax, license or fees, above that current levy authorized by law or charter when this section is adopted without the approval of the required majority of the qualified voters of that county or other political subdivision voting thereon. . . .
In 1980, at the time of the adoption of this constitutional section, the Clark County Nursing Home District did not impose the property tax in question.
In Wenzlaff v. Lawton, 653 S.W.2d 215 (Mo. banc 1983), the Missouri Supreme Court in interpreting this provision stated:
 We first observe that § 22(a) contains two separate and distinct clauses. We think it is clear that the first clause prohibits political subdivisions from levying, without voter approval, a tax that was not authorized by law when the Amendment was adopted. We think it equally clear that the second clause requires voter approval before there can be an increase
in the current levy of an existing tax above the current levy authorized by law on November 4, 1980.
 Here, the cities increased the current levy of the taxes in question above the current levy in effect on November 4, 1980. They contend they have the authority, under the Amendment, to increase property taxes, without the required approval of the voters, up to the maximum rate authorized by law. This argument ignores the second clause of § 22(a) and the language therein concerning "current levy of an existing tax."
* * *
 In considering the provisions as a whole, in harmony with all other provisions, we reject cities' contention. To do otherwise would amount to an unnatural construction and render the second clause meaningless. Our conclusion is consistent with the objectives of the Amendment as understood by the voters. The official ballot title for the Amendment specifically informed the electorate that it "prohibits local tax or fee increases without popular vote." [Emphasis in original.] Id. at 216-217.
* * *
The levy of the Clark County Nursing Home District at the time of the adoption of the Hancock Amendment was zero. Applying the reasoning set forth in Wenzlaff v. Lawton, supra, the district may not impose the property tax in question without voter approval.
It is the opinion of this office that the Clark County Nursing Home District may not impose the property tax in question without voter approval.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General